UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>  -vs-<br><br>JUAN MANUEL FERNANDEZ,<br><br>                      Movant. | No.   2:12-CR-0125-WFN-1<br><br>ORDER DENYING<br>§ 2255 MOTION |

Before the Court is Juan Manuel Fernandez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 56. The Government responded to Mr. Fernandez's Motion, ECF No. 61, to which Mr. Fernandez replied, ECF No. 66. Mr. Fernandez is appearing *pro se* in these proceedings.

## BACKGROUND

Law enforcement officers began investigating Mr. Fernandez in late July, 2012. ECF No. 49 (hereinafter, "PSR") at 5. Using a confidential informant, law enforcement officers made three controlled purchases of methamphetamine from Mr. Fernandez at his residence. PSR at 5. On August 10, 2012, law enforcement officers executed a search warrant at Mr. Fernandez's residence, which included a locked shed at the rear of the property. *Id.* at 6. Inside the shed, officers found a rifle on top of a pile of mail addressed to Mr. Fernandez. *Id.* Mr. Fernandez was not present during the search of his residence. *Id.*

Mr. Fernandez was indicted on November 20, 2012 for being a felon in possession of a firearm. Mr. Fernandez pled guilty to the charge contained in the Indictment on March 21, 2013. On July 30, 2013, the Court sentenced Mr. Fernandez to 120 months

imprisonment. Mr. Fernandez waived his right to direct appeal in his Plea Agreement. Judgment became final for purposes of collateral attack fourteen days after judgment was entered, when the appeal period expired. Mr. Fernandez timely filed the pending Motion on August 7, 2014.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, there are four grounds for a court to grant relief to a prisoner who challenges his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Although there are four categories, the claims that fall within the scope of § 2255 are minimal. *United States v. Wilcox,* 640 F.2d 970, 972 (9th Cir. 1981). A motion filed pursuant to § 2255 must contain specific facts which would entitle an individual to relief. *United States v. Rodriguez,* 347 F.3d 818, 824 (9th Cir. 2003).

The Court may dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255, Rules, Rule 4(b). If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." The Court will then determine if an evidentiary hearing is necessary. *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir. 1994). An evidentiary hearing is not needed when facts can be determined from evidence in the record and prior testimony. *Id.*

## DISCUSSION

Mr. Fernandez argues that his conviction is invalid because (1) law enforcement officers failed to serve him with a copy of the search warrant of his residence in violation of the Fourth Amendment and Federal Rules of Criminal Procedure, (2) failure to serve the warrant violated his due process rights, and (3) the Government failed to disclose information regarding how one of the investigating police officers was the subject of internal disciplinary investigations, implicating the officer's credibility in violation of

*Franks v. Delaware*, 438 U.S. 154 (1978). Even accepting the truth of Mr. Fernandez's factual allegations, no hearing is warranted. The Court will decide the motion based on the briefing and the record.

**1. Law enforcement's alleged failure to serve the search warrant**

Mr. Fernandez first argues that law enforcement officers failed to serve him with a copy of the search warrant at the time they searched his residence or any time after the search in violation of the Fourth Amendment and Federal Rule of Criminal Procedure 41.[1] Other than his own representations, Mr. Fernandez offers no evidence of the fact that he was not served with the search warrant. The Government, however, provided the Court with copies of the search warrant and the search warrant return. The search warrant return, signed by Officer Scott Reiber, states, "A copy of the search warrant was left on coffee table." ECF No. 61-2 at Bates No. 73. The statement in the search warrant return is corroborated by Officer Reiber's report of the search warrant execution: "Copies of the search warrant along with a search warrant inventory sheet were left at the residence." ECF No. 61-3 at Bates No. 39. A law enforcement officer satisfies Rule 41 when the

---

[1] In his reply, Mr. Fernandez also argues that the "Federally-required form" requires a search warrant to be served on a person rather than left at a location by virtue of the language "copy of warrant and receipt for items left with." ECF No. 66 at 2. The Court assumes that Mr. Fernandez is referencing the federal search and seizure warrant form "AO 93," drafted by the Administrative Office of the Courts and used by district court judges to authorize a search and seizure warrant. *See* Search and Seizure Warrant (Rev. Nov. 2013), *available at* http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO093.pdf (last viewed Jan. 13, 2015) (containing section titled: "Copy of warrant and inventory left with," to be filled in by executing officer). As Mr. Fernandez raises this issue for the first time in his reply, the Court need not address it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

ORDER DENYING
§ 2255 MOTION - 3

officer "leave[s] a copy of the warrant and receipt [for property taken] at the place where the officer took the property." Fed. R. Crim. P. 41(f)(1)(C).

The evidence provided by the Government shows that law enforcement officers complied with Rule 41 by leaving a copy of the search warrant at Mr. Fernandez's residence, even if they did not personally give Mr. Fernandez a copy. *See* ECF No. 61-2 and 61-3. The Government also provided copies of the search warrant and receipt to Mr. Fernandez in discovery.[2] Mr. Fernandez fails to allege specific facts showing that law enforcement officers violated the Fourth Amendment or Rule 41. Mr. Fernandez is not entitled to the relief he requests.

Even if the Court found that law enforcement officers did not properly serve Mr. Fernandez with the search warrant, a violation of Rule 41 generally does not provide grounds for relief, *United States v. Williamson*, 439 F.3d 1125, 1132 (9th Cir. 2006), and

---

[2] In his reply, Mr. Fernandez challenges the proper disclosure of these documents. Mr. Fernandez argues, "the search warrant copies in [the Government's brief] do not contain the prior-issued court electronic email page-stamp numbers upon them. I.e., they were not previously issued a number by the Court, thus [were] not [available for] viewing, as Prosecution claims . . . These are newly scanned pages." ECF No. 66 at 5. Mr. Fernandez seems to be arguing that the Government did not properly disclose these documents in discovery because the Government did not file the documents on the docket, in which case they would have been assigned an ECF number. The Court notes that discovery is not generally filed on the docket, and that prior to Mr. Fernandez's guilty plea, the Government was well aware of its discovery obligations and there was no indication from defense counsel that the Government had improperly withheld discovery. *See* ECF No. 30 (Court Order memorializing February 6, 2013 pretrial conference and motion hearing, which notes that "discovery is ongoing" and rules on Defendant's discovery motions). The Court need not discuss this argument further as Mr. Fernandez raised it for the first time in his reply brief. *Zamani*, 491 F.3d at 997.

Fourth Amendment violations are not cognizable in § 2255 proceedings. A federal prisoner is precluded from raising Fourth Amendment violations in § 2255 proceedings when he has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal. *Tisanado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976) (citing *Stone v. Powell*, 428 U.S. 465 (1976)). The fact that Mr. Fernandez entered a guilty plea pursuant to a plea agreement does not mean that he did not have a full and fair opportunity to litigate his Fourth Amendment claim. Mr. Fernandez makes no suggestion that he was prevented from moving to suppress the evidence resulting from the search, merely that he (or his counsel) failed to do so.[3]

### 2. Due process claim

Mr. Fernandez next argues that law enforcement's failure to serve him with a copy of the search warrant constituted a denial of due process because it made it impossible for Mr. Fernandez to challenge the evidence found as a result of the search. Mr. Fernandez argues that his inability to challenge the search warrant resulted in "plea bargain pressure." ECF No. 56 at 4. As discussed *supra*, however, Mr. Fernandez's arguments fail because all the evidence before the Court suggests that law enforcement officers properly served him with a copy of the search warrant by leaving a copy of the warrant at his residence. Furthermore, the evidence shows that the Government provided a copy of the search warrant and search warrant return to Defendant in discovery. Although it is true that "the plea bargaining phase of the criminal justice system 'must be attended by safeguards to insure the defendant what is reasonably due in the circumstances,'" *United States v. Krasn*, 614 F.2d 1229, 1234 (9th Cir. 1980) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)), Mr. Fernandez fails to show how his plea was in anyway pressured.

---

[3]Mr. Fernandez does not assert that defense counsel was ineffective by failing to bring a suppression motion on this issue.

ORDER DENYING
§ 2255 MOTION - 5

The Court concludes that Mr. Fernandez had the opportunity to challenge the constitutionality of the search, but waived that right be pleading guilty. *See McMann v. Richardson*, 397 U.S. 759, 766 (1970) (A defendant's guilty plea made "with sufficient awareness of the relevant circumstances and likely consequences," waives the defendant's right "to contest the admissibility of any evidence the State might have offered against the defendant."); *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) ("As a general rule, a guilty plea erases claims of constitutional violation arising before the plea."). The Court also concludes that the Government disclosed copies of the search warrant and search warrant return to Mr. Fernandez in the pretrial phase of the case so his claim that non-disclosed evidence resulted in plea bargaining pressure also fails. The Court finds no due process violations.

**3. The Government's alleged failure to disclose impeachment evidence related to a state law enforcement officer involved in the investigation of Mr. Fernandez's case**

Mr. Fernandez's final claim relates to the Government's alleged failure to provide impeachment evidence related to a state police officer involved in the investigation of Mr. Fernandez's case. Mr. Fernandez attached to his Motion an article about a Wenatchee police officer, Scott Reiber, who was the subject of internal disciplinary proceedings. The article discusses a September 12, 2012 incident in which Officer Reiber stole a $10 Starbucks gift card and a February 28, 2013 incident in which Officer Reiber lied to get out of a training exercise. ECF No. 56 at 16.

Mr. Fernandez argues that the Government's failure to disclose this information about Officer Reiber violates the Fifth Amendment and prejudiced him because it prevented him from challenging the validity of the search warrant pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Mr. Fernandez further cites to cases discussing the Government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Mr. Fernandez appears to argue that, in failing to disclose the information about Officer Reiber, the Government also failed to comply with its *Brady* obligations.

ORDER DENYING
§ 2255 MOTION - 6

The Court need not reach the merits of Mr. Fernandez's claim. As the Government argues in its response, the Government is "under no obligation to turn over materials not under its control." *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992). Counsel for the Government first learned of Officer Reiber's misconduct on February 25, 2014, ECF No. 61-4 at 2, almost a year after Mr. Fernandez pled guilty. Furthermore, the Constitution does not require prosecutors to disclose witness impeachment information prior to a criminal defendant's guilty plea. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *see also id*. (noting that impeachment evidence is special in relation to the fairness of a *trial*, not in respect to whether a plea is voluntary). Mr. Fernandez's claim is barred from collateral attack because the Government did not control or possess impeachment evidence related to Officer Reiber and because Mr. Fernandez pled guilty to the charges, foreclosing any entitlement he might have had to such information.

Even if the Court considered the merits of Mr. Fernandez's claim, the claim would fail.

Mr. Fernandez fails to meet his burden to show that he was ever entitled to a *Franks* hearing. The Fourth Amendment entitles a defendant to challenge the validity of a search warrant if the defendant makes a "substantial preliminary showing" that the affiant "knowingly and intentionally, or with reckless disregard for the truth," included false information or made a material omission. *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). The information provided the Government reveals that Officer Reiber was, in fact, the search warrant affiant for the search warrant of Mr. Fernandez's residence. ECF No. 61-2. Mr. Fernandez, however, fails to point to any false information contained in, or material information omitted from, Officer Reiber's affidavit. Although the evidence of Officer Reiber's misconduct casts doubt on his general credibility, it is not evidence that he "knowingly and intentionally, or with reckless disregard for the truth," included false information or made a material omission in the search warrant affidavit. *Franks*, 438 U.S. at 155-56. Mr. Fernandez fails to make a substantial showing that he was entitled to a *Franks* hearing.

Mr. Fernandez also fails to allege specific facts to show that the Government violated its *Brady* obligations. The Government violates the requirements of *Brady v. Maryland* when (1) the Government fails to disclose evidence that is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the Government must have willfully or inadvertently failed to produce the evidence; and, (3) prejudice must have ensued. *Hovey v. Ayers,* 458 F.3d 892, 916 (9th Cir. 2006). If Mr. Fernandez had proceeded to trial, *Brady* (and subsequent case law) likely would have required the Government to disclose to Mr. Fernandez information about Officer Rebier's misconduct (assuming the Government was aware of Officer Rebier's misconduct, intended to call Officer Rebier as a witness, and other factors). But, as discussed *supra*, *Ruiz* makes clear that the Government need not disclose witness impeachment evidence to a defendant prior to the defendant's guilty plea. 536 U.S. at 628. Mr. Fernandez fails to allege specific facts to show that the Government violated its *Brady* obligations.

In sum, Mr. Fernandez's claim regarding the Government's alleged failure to provide impeachment evidence is barred from collateral attack because Mr. Fernandez pled guilty to the charges, foreclosing any entitlement he might have had to such information. Mr. Fernandez's claim further fails on the merits.[4]

## CONCLUSION

Having reviewed Mr. Fernandez's Motion, the Government's response and exhibits, and Mr. Fernandez's reply, it plainly appears Mr. Fernandez is not entitled to relief. An evidentiary hearing is not needed because the facts can be determined from evidence in the record. Therefore, the Court will deny Mr. Fernandez's Motion.

---

[4]In his reply, Mr. Fernandez also argues the Government's failure to disclose the information about Officer Reiber made it so his plea was "not fully[]informed." ECF No. 66 at 4. As the Court discussed *supra*, Mr. Fernandez was not entitled to this information prior to his change of plea; therefore, any alleged failure to disclose does not call into question the voluntariness of his plea.

# CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a showing that "reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason may find the Court's rulings debatable.  Thus, a certificate of appealability should issue.

Accordingly,

**IT IS ORDERED** that Mr. Fernandez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed August 7, 2014, **ECF No. 56**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to Mr. Fernandez and to the United States Attorney in Spokane, Washington;
- Inform the Ninth Circuit Court of Appeals that if Mr. Fernandez files a Notice of Appeal that a certificate of appealability is **GRANTED**; and
- **CLOSE** the corresponding civil file, **2:14-CV-267-WFN**.

**DATED** this 14th day of January, 2015.

01-13-15

           s/ Wm. Fremming Nielsen
           WM. FREMMING NIELSEN
         SENIOR UNITED STATES DISTRICT JUDGE